## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ODALIS M. HERNANDEZ ROMERO,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| | ) **CIVIL ACTION FILE NO.:** 21A03103 |
| **VS.** | ) |
| | ) _____ |
| **WAL-MART ASSOCIATES, INC.,** | ) |
| **WAL-MART STORES EAST, LP,** | ) |
| **WALMART INC. and** | ) |
| **JOHN DOES 1-2,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff **ODALIS M. HERNANDEZ ROMERO**, by and through the

undersigned counsel, and hereby files this Complaint for Damages against the above-named

Defendants, showing this Honorable Court as follows:

## THE PARTIES

1.

Plaintiff Odalis M. Hernandez Romero (hereafter referred to as "Plaintiff") is a resident of

the State of Georgia.

2.

Defendant Wal-Mart Associates, Inc. is a foreign corporation organized under the laws of

the State of Delaware and registered and authorized to transact business in the State of Georgia.

Defendant Wal-Mart Associates, Inc. (hereinafter, "Wal-Mart Associates") may be served with

process by delivering a copy of the Summons and Complaint to Defendant's registered agent,

namely The Corporation Company (FL), at 106 Colony Park Drive, Ste. 800-B, Cumming,

STATE COURT OF
DEKALB COUNTY, GA.
6/29/2021 1:56 PM
E-FILED
BY: Monica Gay

Georgia 30040-2794.

3.

Defendant Wal-Mart Stores East, LP is a foreign corporation organized under the laws of the State of Delaware and registered and authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores East, LP (hereinafter, "Wal-Mart Stores") may be served with process by delivering a copy of the Summons and Complaint to Defendant's registered agent, namely The Corporation Company (FL), located at 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040.

4.

Defendant Walmart INC. is a foreign corporation organized under the laws of the State of Delaware and registered and authorized to transact business in the State of Georgia. Defendant Walmart INC. may be served with process by delivering a copy of the Summons and Complaint to Defendant's registered agent, namely The Corporation Company (FL), located at 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040.

5.

Defendants John Doe 1 and John Doe 2 are individuals who, at all times relevant to this action, were acting within the scope of their employment with or under the agency of Defendants Wal-mart Associates and/or Wal-mart Stores and/or Walmart INC. at its Walmart Store #3621 at 1871 Chamblee Tucker Rd, Chamblee, GA 30341 location, and whose acts and/or omissions contributed to Plaintiff's damages. Defendants John Doe 1 and 2 are subject to the jurisdiction and venue of this Court. The true names or capacities of Defendants John Doe 1 and 2 are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Service will be made upon said Defendants as their identities are made known through discovery, and Plaintiff

will amend this Complaint so as to list their true names and service addresses upon ascertaining such information.

## JURISDICTION AND VENUE

6.

The accident from which this claim arises occurred on or about February 28, 2019 inside the Walmart store (in particular, store #3621) located at 1871 Chamblee Tucker Rd, Chamblee, GA 30341 in Dekalb County.

7.

The Court has subject matter jurisdiction over this case as an action sounding in tort.

8.

The Court has personal jurisdiction over the Defendants.

9.

Venue is proper in Forsyth County. Under O.C.G.A. 14-2-510(b)(4), "[e]ach domestic corporation and each foreign corporation authorized to transact business in [Georgia] shall be deemed to reside and to be subject to venue…[i]n actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated. See O.C.G.A. 14-2-510(b)(4). In this case, Plaintiff is asserting an action for damages based on tort, and the cause of action originated inside the Walmart store in Dekalb County where she was injured (namely, Walmart store #3621 located at 1871 Chamblee Tucker Rd, Chamblee, GA 30341 in Dekalb County). Venue is this proper in Dekalb County.

## COUNT I
## NEGLIGENCE

10.

Plaintiff incorporates the allegations contained in the paragraphs above as if set forth fully

herein.

11.

On or about February 28, 2019, Plaintiff was a business invitee at the Walmart store #3621 located at 1871 Chamblee Tucker Rd, Chamblee, GA 30341 in Dekalb County.

12.

On the aforementioned date, Plaintiff was caused to slip and fall as a result of a slippery substance on the floor in the aisle in which she was walking.

13.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. own, operate, control, and/or otherwise manage the Walmart store #3621 located at 1871 Chamblee Tucker Rd, Chamblee, GA 30341 in Dekalb County. As such, Defendants had a duty to exercise care in keeping the premises located at the aforementioned address safe.

14.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart, INC breached their duty to Plaintiff by to failing to exercise such care in keeping its premises safe.

15.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. had superior knowledge, including actual and/or constructive knowledge, regarding the dangerous condition existing at the Wal-Mart store #3621 located at the aforementioned address. Therefore, Defendants could have reasonably foreseen that it was likely that some injury could result from their failure to take adequate precautions to protect persons on its premises, particularly Plaintiff, from hazardous and/or dangerous store conditions such as those that caused Plaintiff's injuries and damages on the aforementioned date.

16.

Defendants' breach of their duty to maintain a safe premises was the cause in fact and proximate cause of Plaintiff's injuries on the aforementioned date, including but not limited to physical injuries as well as mental and emotional distress.

17.

Plaintiff has incurred medical expenses as a result of Defendants' negligence in the amount of at least $36,727.50 to date.

## COUNT II
## NEGLIGENT MAINTENANCE

18.

Plaintiff Hernandez incorporates the allegations contained in the above paragraphs as if set forth fully herein.

19.

Prior to and on the date in question, namely February 28, 2019, Defendants' Walmart store was negligently maintained, inspected, and managed. Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. had knowledge, both actual and constructive, of the need to properly maintain, inspect, and manage said property but failed to exercise care to do so.

20.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. failed to ensure that its floors were properly cleaned and free of dangerous or hazardous conditions so as to prevent against harm to business invitees in its store, particularly Plaintiff Hernandez.

21.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP had superior knowledge, including actual and/or constructive knowledge, regarding the dangerous condition

that existed at the Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. store. Therefore, Defendants could have reasonably foreseen that it was likely that some injury could result from its failure to take adequate precautions to protect persons on its premises, particularly Plaintiff, from hazardous and dangerous store conditions, such as those that caused Plaintiff's injury and damages on the aforementioned date.

22.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. had actual and constructive knowledge of the hazardous condition in the store aisle on the date in question, namely the slippery substance on the floor that caused Plaintiff's injuries.

23.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. controlled the management of the Wal-Mart #3621 store and had a legal duty to exercise ordinary care in keeping the premise safe.

24.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. breached their duty to Plaintiff and failed to act as similarly situated businesses in like circumstances.

25.

Defendants were negligent in failing to inspect, maintain, and manage the premises at issue, thereby creating an unreasonable risk of injury to their invitees, particularly Plaintiff.

26.

Defendants knew of, or with the exercise of due care for the safety of its invitees, should have known of the dangerous and hazardous conditions existing on the premises and the failure

to maintain, inspect, and manage the premises and that said conditions were likely to result in the injuries suffered by Plaintiff.

27.

Defendants' breach of their duty was the cause in fact and proximate cause of Plaintiff's injuries on the aforementioned date, including both physical injuries as well as mental and emotional distress.

28.

Plaintiff has incurred medical expenses as a result of Defendants' negligence in the amount of at least $36,727.50.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

29.

Plaintiff incorporates the allegations contained in the above paragraphs as if fully restated herein.

30.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. were negligent in hiring Defendants John Doe 1 and John Doe 2 and entrusting said individuals to keep the premises in safe condition for invitees.

31.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. were negligent in failing to properly train Defendants John Doe 1 and John Doe 2 in store safety and maintenance.

32.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. were negligent in failing to properly supervise Defendants John Doe 1 and 2.

33.

Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC.'s negligence in hiring, failing to properly train, and failing to properly supervise Defendants John Doe 1 and 2 was the proximate and direct cause of Plaintiff's slip and fall incident and resulting injuries.

## COUNT IV
## RESPONDEAT SUPERIOR

34.

Plaintiff hereby incorporates the allegations contained in the above paragraphs as if set forth fully herein.

35.

Defendants John Doe 1 and John Doe 2 were at all relevant times hereto the employees, servants, and/or agents of Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP, and Walmart INC. were acting within the scope of their employment on the aforementioned incident date in which Plaintiff was injured.

36.

Under the principle of respondeat superior, Defendants Walmart Associates, Inc. and Wal-Mart Stores East, LP and Walmart INC. are vicariously liable and legally responsible for the negligent acts and/or omissions of Defendants John Doe 1 and John Doe 2 that lead proximately to Plaintiff's injuries on the aforementioned date, including but not limited to failing to keep the premises in a safe condition for invitees, failing to or inadequately conducting regular

inspections and/or maintenance of the premises in order to discover hazardous condition(s), and/or creating the hazardous condition(s) themselves.

## **DAMAGES**

### 37.

Plaintiff incorporates the allegations contained in the above paragraphs if set forth fully herein.

### 38.

Plaintiff is entitled to recover damages for the care and treatment of her injuries including past, present, and future medical expenses; past, present, and future mental and physical pain and suffering; lost wages; past and future economic losses; and such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff prays that:

(a) Summons and Process issue and Defendants be made parties to this action as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

(c) Plaintiff be awarded special damages against Defendants for medical expenses totaling at least $36,727.50, as well of loss of wages in the amount of at least $28,800.00.

(d) Plaintiff be awarded past, present, and future damages, permitted under Georgia Law in an amount to be proven through evidence at the time of the trial for the past, present and future;

(e) Plaintiff be awarded all damages for injuries sustained including and all general, special, compensatory, economic, punitive, and other allowable in accordance with the enlightened conscience of an impartial jury for Defendants and as permitted under Georgia law;

(f) Plaintiff recover any and all damages allowed by law, including for conscious pain and suffering, from Defendants in accordance with the enlightened conscience of an impartial jury;

(g) All costs and fees be cast against Defendants;

(h) Defendants pay Plaintiff's attorney fees;

(i) Plaintiff have a trial by jury; and

(j) Plaintiff receive such other relief as this Court deems just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Dated this 29th day of June, 2021.

Respectfully submitted,
**THE LAW OFFICES OF JOHN MORRISON**

/s/ *Lee Brooks*
Leonard D. Brooks, III
Georgia Bar No. 085121
Attorney for Plaintiff

1955 Lower Roswell Road
Marietta, Georgia 30068
Phone: (770) 951-8900
Fax: (770) 951-8902
Lee@johnmorrisonlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
6/29/2021 1:56 PM
E-FILED
BY: Monica Gay

**Page 10 of 10**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ODALIS M. HERNANDEZ ROMERO,                    Civil Action File No.
                                                21A03103
        Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,
WAL-MART STORES EAST, LP,
WALMART INC. and JOHN DOES 1-2,

        Defendants.

_____/

ANSWER OF DEFENDANTS WAL-MART ASSOCIATES, INC.,
<u>WAL-MART STORES EAST, LP AND WALMART INC</u>.

COME NOW, Defendants WAL-MART ASSOCIATES, INC., WAL-MART

STORES EAST, LP and WALMART INC. and make this Answer to Plaintiff's

Complaint as follows:

<u>FIRST DEFENSE</u>

Jurisdiction is not proper as to Wal-Mart Associates, Inc.

<u>SECOND DEFENSE</u>

Venue is not proper as to Wal-Mart Associates, Inc.

<u>THIRD DEFENSE</u>

Jurisdiction is not proper as to Walmart Inc.

Page -1-

## FOURTH DEFENSE

Venue is not proper as to Walmart Inc.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SEVENTH DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## EIGHTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## NINTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

<u>TENTH DEFENSE</u>

Plaintiff's claims are barred by the applicable statutes of limitation.

<u>ELEVENTH DEFENSE</u>

Plaintiff's claims are barred by laches.

<u>TWELFTH DEFENSE</u>

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

<u>THIRTEENTH DEFENSE</u>

Plaintiffs claim for punitive damages is barred as a matter of law.

<u>FOURTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the

statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>FIFTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar

criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## SIXTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## SEVENTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted

upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); and <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>EIGHTEENTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint, but show that Wal-Mart Associates, Inc. is not the proper defendant.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint, but shows that it is a limited partnership.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's

Complaint, but show that Walmart Inc. is not the proper Defendant.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants lack sufficient information to either admit or deny allegations contained in paragraph 6 of Plaintiff's Complaint, as stated.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.  Subject matter jurisdiction is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

10.

Defendants incorporate the answers contained in the paragraphs above as if set forth fully herein.

11.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants incorporate the answers contained in the above paragraphs as if set forth fully herein.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.  The applicable statute and case law speak for themselves.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants incorporate the answers contained in the above paragraphs as if set forth fully herein.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendants incorporate the answers contained in the above paragraphs as if set forth fully herein.

35.

Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendants incorporate the answers contained in the above paragraphs as if set forth fully herein.

38.

Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

40.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i) and (j) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WAL-MART ASSOCIATES, INC.
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -13-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP and WALMART INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>10th</u> day of July, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART ASSOCIATES, INC.
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com